IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DAVID WILLIAM MORRIS, SR., | |
| Plaintiff, | CIVIL ACTION NO.: 6:25-cv-22 |
| v. | |
| MS. JONES, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act of 1973.  Doc. 1.  Plaintiff also filed a Motion of Compassion and a Motion to Amend.  Docs. 3, 5.  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Amend and **ORDERS** Plaintiff to file an Amended Complaint within 14 days of the date of this Order.  **Failure to comply with this Order within the allotted time or to show cause why Plaintiff is unable to comply will result in dismissal without further notice for failure to prosecute and failure to follow a Court Order.**  Since I am ordering Plaintiff to file an Amended Complaint, I **DENY as moot** Plaintiff's Motion of Compassion.

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A plaintiff's complaint should contain a "short and plain statement" of the plaintiff's claims, and each allegation in the complaint should be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

A plaintiff is not necessarily required to bring a separate action for each individual claim against each individual defendant. In some circumstances, the Federal Rules of Civil Procedure allow a plaintiff to name multiple defendants in a suit and to assert multiple claims in a single suit. Specifically, a plaintiff may name multiple defendants in a single action, but only if he asserts at least one claim against those defendants that arises from the same transaction, occurrence, or series of transactions or occurrences, or if any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). Additionally, a plaintiff may assert multiple claims against a properly joined defendant in the same action. Fed. R. Civ. P. 18(a).

Plaintiff seeks to sue several individuals at the Georgia Department of Corrections, Smith

State Prison, and Telfair State Prison.  Plaintiff seeks relief regarding medical treatment he has received during his incarceration.  However, within his Complaint, Plaintiff fails to specify specific acts committed by these individuals related to his medical treatment.  Plaintiff has also filed motions and letters seeking to add and remove certain Defendants from his Complaint.  Docs. 5, 8.  Plaintiff also filed a Motion of Compassion requesting exhibits from a previously dismissed Complaint.  Doc. 3.  Plaintiff's Complaint lacks enough factual detail for the Court to understand the wrongs committed by each individual Defendant about which Plaintiff may be complaining.  It is also unclear how exhibits from a previously dismissed lawsuit are relevant to Plaintiff's Complaint.

Accordingly, the Court **ORDERS** Plaintiff to file an Amended Complaint within **14 days** of this Order.  The Amended Complaint must comply with the following directions.  **The Court advises Plaintiff to read and follow these directions carefully:**

(1)   The Amended Complaint must be on the Court-approved civil rights complaint form to be used by prisoners in actions arising under 42 U.S.C. § 1983.[1]

(2)   The Amended Complaint must be clearly labelled "Amended Complaint" and place the civil action number of this case on the first page of the form.

(3)   No more than 10 pages may be attached to the form (this includes written allegations and attachments).

(4)   The Amended Complaint must be legible with writing on only one side of each page.

(5)   Each intended defendant must be identified by name or by sufficient details to describe the individual.

(6)   The Amended Complaint should include only factual allegations concerning events where the rights of Plaintiff were violated or Plaintiff was injured, including the date and location of each alleged violation.

---

[1]   The Court **DIRECTS** the Clerk of Court to send the appropriate 42 U.S.C. § 1983 complaint form and a copy of this Order to Plaintiff.

(7) The Amended Complaint must describe each alleged violation and identify each defendant responsible for each alleged violation.

(8) The Amended Complaint should not contain legal argument or conclusions.

Once filed, Plaintiff's Amended Complaint will supersede and replace his original Complaint. Therefore, Plaintiff **must not** refer back to the initial Complaint or any of its attachments and **must not** incorporate any part of the original complaint by reference in his Amended Complaint. Claims made against particular defendants in the Plaintiff's original Complaint are not preserved unless they are also set forth in the Amended Complaint.

**Failure to comply with this Order within the allotted time or to show cause why Plaintiff is unable to comply will result in dismissal without further notice for failure to prosecute and failure to follow a Court Order.**

Additionally, the Court **ORDERS** Plaintiff to advise the Court in writing of any change of address during the pendency of this action. Plaintiff's failure to abide by this directive will result in the dismissal of Plaintiff's Complaint, without prejudice, for failure to follow an Order of this Court.

**SO ORDERED**, this 25th day of June, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA